IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH REDDY, | ) | CASE NO. 1:12 CV 57 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BENNIE KELLY, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -2-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -3-
    A.    Background facts, trial, and conviction . . . . . . . . . . . . . . . . . . . . . . . . .  -3-
    B.    Direct appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -5-
          1.    Ohio appeals court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -5-
          2.    Supreme Court of Ohio . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -9-
          3.    Application to re-open the appeal . . . . . . . . . . . . . . . . . . . . . . .  -12-
          4.    Post-conviction relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -13-
          5.    2010 re-sentencing and appeal . . . . . . . . . . . . . . . . . . . . . . . . .  -15-
          6.    Federal habeas petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -18-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -22-
    A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -22-
    B.    Standards of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -23-
          1.    Non-cognizable claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -23-
          2.    AEDPA review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -25-
    C.    Application of standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -27-
          1.    Overview . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -27-
          2.    Ground one should be dismissed as non-cognizable. . . . . . . . . .  -29-
          3.    Ground two, alleging ineffective assistance of trial counsel, should
               be denied. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -34-
          4.    Ground three, alleging a Fifth Amendment violation, should be
               denied. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -40-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -41-

## Introduction

Before me by referral[1] is the *pro se* petition of Joseph David Reddy for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Reddy is currently incarcerated by the State of Ohio at the Trumbull Correctional Institution in Leavittsburg, Ohio, where he is serving a sentence of life in prison with eligibility for parole after serving 15 years.[3] Reddy was initially sentenced in 2009 by the Cuyahoga County Court of Common Pleas after Reddy was convicted at a bench trial of one count of aggravated murder but was re-sentenced in 2010 after the appeals court modified the conviction to one count of murder and ordered a re-sentencing.[4]

Reddy here raises three grounds for habeas relief.[5] The State in its return of the writ contends that one ground should be dismissed as non-cognizable, and the remaining two grounds should be denied on the merits.[6] Reddy has filed a traverse.[7]

For the reasons that follow, I will recommend that Reddy's petition be dismissed in part and denied in part.

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Patricia A. Gaughan in a non-document entry dated April 2, 2012.

[2] ECF # 1.

[3] *Id.* at 1.

[4] *Id.* at 1-2.

[5] *Id.* at 6, 8, 11.

[6] ECF # 5.

[7] ECF # 9.

## Facts

**A.  Background facts, trial, and conviction**

The relevant facts as found by the Ohio appeals court are not extensive.

Reddy had a troubled relationship with his mother, Gloria, during his childhood.[8] He had been removed from her care at one point because she had physically assaulted him.[9] Reddy had moved back with his mother and his younger brother, Andrew, after breaking up with a live-in girlfriend.[10]

According to Reddy, Gloria suffered from mental illness, as well as from drug and alcohol problems, and was becoming increasingly violent toward Reddy and Andrew.[11] On Christmas Eve 2007, Reddy claimed that Gloria came into his bedroom at 4 a.m. and ordered him to leave the house.[12] Reddy refused, telling Gloria that it was Christmas Eve and he had nowhere to go.[13] From there, the confrontation escalated to the point where Gloria retrieved a knife from her room and threatened to kill Reddy.[14] Reddy then punched Gloria in the face,

---

[8] ECF # 6 at 1-2.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 2.

[12] *Id.*

[13] *Id.*

[14] *Id.*

tackled her, and choked her until she stopped moving.[15] Reddy wrapped Gloria's body in a blanket, placed it in a basement storage locker, and left the house with Gloria's ATM card.[16]

After Andrew spent the next few days with Gloria's brother, Theodore, searching for the missing Gloria without success, Theodore contacted Cleveland police.[17] Police who responded to the call on January 2 found bloodstains on the wall of Gloria's home, and Andrew informed them that the key to the basement storage locker was missing.[18] Theodore kicked open the door to the storage locker, and Gloria's body was found.[19]

Approximately one week later, Reddy arrived at a friend's home, where he confessed that he had killed Gloria during an argument.[20] Reddy also displayed a dagger he brought with him and made several references to going over to his ex-girlfriend's house so as to give her and her current boyfriend a "Christmas present."[21] Cleveland police were called, and

---

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

when they arrived at the ex-girlfriend's house and the woman did not answer the door, officers broke into the home.[22] They apprehended Reddy in the basement.[23]

Reddy was indicted on one count of aggravated murder and one count of aggravated robbery.[24] After waiving his right to a jury trial, the matter was tried to the court; which, after dismissing the aggravated robbery count, found Reddy guilty of aggravated murder.[25] On February 15, 2009, the trial court sentenced him to a term of 20 years to life in prison.[26]

## B.    Direct appeal

### 1.    *Ohio appeals court*

On March 6, 2009, Reddy filed a timely[27] notice of appeal.[28] Reddy, through new counsel, then asserted the following three assignments of error:

> ASSIGNMENT OF ERROR I: THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE CONVICTION FOR AGGRAVATED MURDER.
>
> ASSIGNMENT OF ERROR NO. II: THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

---

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within thirty days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).

[28] ECF # 5-11, at 933.

ASSIGNMENT OF ERROR III: APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION WHEN TRIAL COUNSEL FAILED TO SUBPOENA A WITNESS WHO WOULD CORROBORATE THAT APPELLANT WAS ATTACKED BY THE VICTIM WITH A KNIFE AND FAILED TO HAVE SUSPECTED BLOOD DNA TESTED.[29]

Reddy then filed a separate brief,[30] *pro se*, setting forth seven additional assignments

of error:

Assignment of Error I. The trial court committed plain error in not objecting to inadmissible evidence, and allowing irrelevant evidence to be admitted, contrary to Rule of Evidence 402, and 403, to the prejudice of appellant, in violation of appellant's right to a fair trial, as guaranteed by the Due Process Clause of the United States Constitution.[31]

Assignment of Error II. Prosecutorial misconduct deprived Appellant's right to fair trial as guaranteed by the Due Process Clause of the United States Constitution.[32]

Assignment of Error III. The judgment of the trial court finding the defendant guilty of aggravated murder is against the manifest weight of the evidence and contrary to law.[33]

Assignment of Error IV. Trial court erred in no considering lesser degree of homicide, thus committing plain error.[34]

---

[29] ECF # 5-12, at 936.

[30] ECF # 5-13.

[31] *Id.*, at 960.

[32] *Id.*, at 967.

[33] *Id.*, at 972.

[34] *Id.* at 976.

Assignment of error V. Trial court erred when it did not keep prosecution's final argument within proper, accepted bounds, thus committing plain error.[35]

Assignment of Error VI. (A) Counsel was ineffective in not objecting to the admission of photos containing untested substance referred to as blood.[36]

ERROR VI (B) Appellant received ineffective assistance of counsel when counsel failed to object to prosecutorial misconduct.[37]

ERROR VI (C) Counsel was ineffective in not preparing for trial

ERROR VI (D) Counsel was ineffective in not presenting mitigating circumstances of sudden passion or fit of rage brought on by serious provocation as required for 2903.03 voluntary manslaughter, prior to requesting appellant be found guilty of manslaughter.[38]

ERROR VI (E) Counsel prejudiced appellant by stating personal beliefs contrary to appellant's statements and regarding guilty of appellant.[39]

ERROR VI (F) Counsel was ineffective in advising appellant not to take the stand.[40]

ERROR VI (G) Counsel was ineffective in handling prosecutions main witness.[41]

---

[35] *Id.*, at 979.

[36] *Id.*, at 980.

[37] *Id.*, at 984.

[38] *Id.*, at 987.

[39] *Id.*, at 992.

[40] *Id.*, at 995.

[41] *Id.*, at 996.

Assignment of error VII. The court erred by not informing appellant of his rights, as required by the rule of lenity, thus violating appellant's constitutional rights.[42]

After Reddy, *pro se*, filed a supplemental brief,[43] the State filed a responsive brief[44] to which Reddy filed a reply.[45] On August 26, 2010, the Ohio appeals court then modified the conviction by vacating the prior sentence and remanding the matter for re-sentencing.[46]

However, before Reddy could be re-sentenced, he filed a timely motion[47] under Ohio Appellate Rule 26(A) for reconsideration of the earlier appeals court decision, largely arguing that the appeals court had not adequately dealt with the assignments of error raised in the supplemental *pro se* brief.[48] After Reddy filed a brief in support, the Ohio appeals court granted reconsideration, vacated the decision of August 26, 2010, and, on November 24, 2010, issued a new judgment that: restated the prior holding as to modifying the conviction to one for murder rather than aggravated murder, further explained the rejection of the

---

[42] *Id.*, at 999.

[43] ECF # 5-18, at 1063.

[44] ECF # 5-19, at 1099.

[45] ECF # 5-20, at 1118.

[46] ECF # 5-21, at 1124.

[47] The motion for reconsideration was filed September 3, 2010.

[48] ECF # 5-22, at 1152.

assignment of error raised in the *pro se* supplemental brief, and ordered Reddy to be re-sentenced.[49]

## 2.    *Supreme Court of Ohio*

The two appeals court decisions described above meant that Reddy was actually re-sentenced according the first (later vacated) decision, but before the latter decision.[50] It also meant that Reddy appealed to the Supreme Court of Ohio from both the first appellate court decision[51] and the second decision.[52] In the brief in support of the timely[53] filed appeal from the appellate decision on reconsideration Reddy, *pro se*, raised the following nine propositions of law:

> PROPOSITION OF LAW NO. I WHEN A CONVICTION IS NOT SUSTAINED BY SUFFICIENT EVIDENCE ON APPEAL DUE PROCESS REQUIRES THAT THE CONVICTION IS REMANDED IF MITIGATING CIRCUMSTANCES ARE PRESENT THAT COULD FURTHER LESSER THE CHARGE TO AN INFERIOR DEGREE OFFENSE.[54]

---

[49] ECF # 5-24, at 1171.

[50] ECF # 5-8, at 718.

[51] ECF # 5-27, at 1205. Reddy later moved to withdraw the first appeal (ECF # 5-28, at 1252), which was dismissed by the Ohio Supreme Court without passing on the motion to withdraw (ECF # 5-29 at 1255).

[52] ECF # 5-52, at 1512.

[53] The appeal was filed December 20, 2010, from the decision on reconsideration which was docketed on November 24, 2010. To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought. *See also*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010).

[54] ECF # 5-54, at 1525.

PROPOSITION OF LAW NO. II WHEN AN APPELLATE COURT FINDS A CONVICTION SUBSEQUENT TO A BENCH TRIAL IS NOT SUSTAINED BY SUFFICIENT EVIDENCE THE JURY WAIVER TERMS KNOWINGLY VOLUNTARY AND INTELLIGENTLY ARE VOID CREATING REVERSIBLE ERROR.[55]

PROPOSITION OF LAW NO. III THE DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT OF THE US CONSTITUTION AND SECTION 10 ARTICLE 1 OF THE OHIO CONSTITUTION WHEN (A) COUNSEL FAILED TO OBJECT TO OR REBUT QUESTIONING, TESTIMONY, AND ARGUMENTS OF UNTESTED SUSPECTED BLOOD SPATTER AND/OR THE ADMISSION OF THE PHOTOGRAPHS OF UNTESTED SUSPECTED BLOOD SPATTER (B) COUNSEL FAILED TO SECURE TESTIMONY FROM A KEY WITNESS WHO WOULD HAVE BOLSTERED DEFENDANTS CLAIM HE WAS ATTACKED WITH A KNIFE (C) COUNSEL FAILED TO REQUEST A CONTINUANCE WHEN KEY WITNESS DID NOT ARRIVE VIOLATING THE DEFENDANTS RIGHT TO COMPULSORY PROCESS (E) COUNSEL FAILED TO HAVE SUSPECTED BLOOD SPATTER AND KNIFE TESTED FOR DNA (D) COUNSEL FAILED TO PRESENT RELEVANT AND AVAILABLE PSYCHIATRIC TESTIMONY ON THE DEFENDANT'S PERCEPTION OF DANGER BASED ON CHILDHOOD PHYSICAL ABUSE.[56]

PROPOSITION OF LAW NO. IV: THE DEFENDANT WAS DENIED HIS RIGHT TO CONFRONTATION OF WITNESSES AS GUARANTEED BY THE SIXTH AMENDMENT'S CONFRONTATION CLAUSE OF THE UNITED STATES CONSTITUTION AND SECTION 10 ARTICLE 1 OF THE OHIO CONSTITUTION.[57]

PROPOSITION OF LAW NO. V: THE TRIAL COURT ERRED BY ADMITTING INTO EVIDENCE PHOTOGRAPHS OF UNTESTED SUSPECTED BLOOD SPATTER AND FINDING THE DEFENDANT GUILTY BASED ON PHOTOGRAPHS OF UNTESTED SUSPECTED BLOOD SPATTER TO THE PREJUDICE OF THE DEFENDANT IN

---

[55] *Id.*

[56] *Id.*

[57] *Id.*, at 1526.

VIOLATION OF THE DEFENDANT'S RIGHT TO A FAIR TRIAL AND DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AND SECTION 16 ARTICLE 1 OF THE OHIO CONSTITUTION.[58]

PROPOSITION OF LAW NO. VI: THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO CONSIDER LESSER DEGREE OF HOMICIDE IN VIOLATION OF THE DEFENDANT'S RIGHT TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE US CONSTITUTION AND OHIO CONSTITUTION.[59]

PROPOSITION OF LAW NO. VII: THE DEFENDANT'S FIFTH AMENDMENT RIGHT AGAINST SELF INCRIMINATION AS GUARANTEED BY THE UNITED STATES CONSTITUTION WAS VIOLATED WHEN THE TRIAL COURT EMPHASIZED THAT THE DEFENDANT COULD NOT EXPLAIN UNTESTED SUSPECTED BLOOD SPATTER.[60]

PROPOSITION OF LAW NO. VIII: TRIAL COURT IMPROPERLY ALLOWED QUESTIONING AND TESTIMONY REGARDING UNTESTED SUSPECTED BLOOD SPATTER PHOTOGRAPHS TO THE PREJUDICE OF THE DEFENDANT IN VIOLATION OF DUE PROCESS RIGHT TO A FAIR TRIAL AS GUARANTEED BY THE U.S. CONSTITUTION AND ARTICLE 1 SECTION 10 OF THE OHIO CONSTITUTION.[61]

PROPOSITION OF LAW NO. IX: THE PROSECUTION STACKING INFERENCES UPON INFERENCES DEPRIVED DEFENDANT'S RIGHT TO A FAIR TRIAL AND DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S.

---

[58] *Id.*

[59] *Id.*

[60] *Id.*

[61] *Id.*

CONSTITUTION AND SECTION 16 ARTICLE 1 OF THE OHIO CONSTITUTION.[62]

On March 2, 2011, the Supreme Court of Ohio denied leave to appeal, dismissing the appeal as not involving any substantial constitutional question.[63]

**3.**     *Application to re-open the appeal*

Ten days after the Ohio Supreme Court dismissed the appeal in connection with the decision of the Ohio appeals court on reconsideration, Reddy, *pro se*, moved the state appellate court to re-open that appeal,[64] arguing that his counsel was ineffective for not raising the following argument:

> APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED WHEN A CONVICTION WHICH WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE WAS MODIFIED TO A LESSER-INCLUDED OFFENSE RATHER THAT [sic] BEING REVERSED AND REMANDED FOR A NEW TRIAL WHERE MITIGATING CIRCUMSTANCES WERE PRESENTED AT TRIAL THAT COULD RESULT IN A CONVICTION OF AN INFERIOR DEGREE OFFENSE.[65]

---

[62] *Id.*

[63] ECF # 5-55, at 1564.

[64] ECF # 5-30, at 1256.

[65] *Id.*, at 1258. The appeals court summarized this claim as contending that counsel was ineffective for not arguing that if the conviction for aggravated murder was not supported by sufficient evidence, the case should be remanded for a new trial so that the lesser offense of voluntary manslaughter could be considered. ECF # 5-32, at 1274.

The State filed in opposition to re-opening.[66] The Ohio appeals court, on May 3, 2011, dismissed the application to re-open as untimely and otherwise barred by *res judicata*.[67] Reddy did not appeal the dismissal.

### 4.  *Post-conviction relief*

While the first direct appeal was still pending, Reddy filed a motion with the trial court for post-conviction relief[68] raising the following eight claims for relief:

CLAIM NUMBER ONE: Petitioner was denied his right to Due Process as guaranteed by the Fourteenth Amendment to the United States Constitution, when homicide detective Ignatius Sowa who worked failed to properly record important elements of this case.

CLAIM NUMBER TWO: Petitioner was denied his right to effective counsel, when counsel failed to investigate, and secure a key witness for trial, who would have provided favorable testimony for the defense.

CLAIM NUMBER THREE: Petitioner's right to a fair trial, as guaranteed by the U.S. Constitution was violated when Prosecutory Pinky Carr physically demonstrated a manual strangulation, and referenced a broken bed that was outside of the evidence admitted in trial.

CLAIM NUMBER FOUR: Petitioner was denied his right to effective counsel, when counsel failed to object to prosecution's inflammatory physical demonstration of a manual strangulation and failed to object to prosecution's reference to a broken bed not admitted to evidence.

CLAIM NUMBER FIVE: Petitioner was denied his right to effective counsel, when counsel failed to prepare for trial, by not conferring with Petitioner before trial, or filing necessary motions to present an adequate and complete defense.

---

[66] ECF # 5-31, at 1269.

[67] ECF # 5-32, at 1274.

[68] ECF # 5-33, at 1282.

-13-

CLAIM NUMBER SIX: Petitioner's right to a fair trial was violated when a "written" statement was submitted into evidence.

CLAIM NUMBER SEVEN: Counsel was ineffective in not objecting to the admission of photos containing untested substance referred to as blood.

CLAIM NUMBER EIGHT: Petitioner was deprived his right to a fair trial were Petitioner was convicted in a trial were the evidence used against Petitioner was not tested and the entire evidentiary picture was inaccurate.[69]

In response, the State moved for summary judgment, arguing that the claims were barred by *res judicata* or were otherwise without merit.[70] Reddy replied with a cross-motion for summary judgment.[71] The trial court granted the State's motion for summary judgment, denying Reddy's claims for post-conviction relief and denying his motion for summary judgment as moot.[72]

Reddy appealed the denial of post-conviction relief,[73] which the Ohio appeals court dismissed because Reddy failed to file the state court record.[74] Reddy's multiple attempts to reinstate the appeal were all denied, the last one being on November 30, 2010.[75] Reddy did not appeal the denial of his post-conviction relief to the Ohio Supreme Court.

---

[69] *Id.*, at 1292.

[70] ECF # 5-34, at 1378.

[71] ECF # 5-35, at 1397.

[72] ECF # 5-36, at 1407.

[73] ECF # 5-37, at 1413.

[74] ECF # 5-39, at 1415.

[75] ECF # 5-40, at 1416; ECF # 5-41, at 1423; ECF # 5-42, at 1424; ECF # 5-43, at 1427.

However, on December 17, 2010, Reddy, *pro se*, sought leave to amend his petition for post-conviction relief.[76] The trial court denied the motion for leave to amend on December 23, 2010.[77] Inexplicably, the State filed a brief in opposition to the already-denied motion to amend on January 26, 2011,[78] which resulted in the trial court on February 11, 2011, again denying the motion to amend on the grounds that motion for leave to amend had previously been denied.[79]

The record does not show that Reddy appealed from the decisions denying him leave to amend his post-conviction petition. But, on April 4, 2011, Reddy filed a *pro se* motion with the trial court seeking findings of fact and conclusions of law regarding the court's denial of his petition for post-conviction relief.[80] The record as filed does not indicate the disposition of that motion.

### 5.    *2010 re-sentencing and appeal*

Pursuant to the original appeals court decision prior to the subsequent decision on reconsideration, Reddy was re-sentenced by the trial court on September 13, 2010, to a term

---

[76] ECF # 5-56, at 1565.

[77] ECF # 5-57, at 1581.

[78] ECF # 5-58, at 1582.

[79] ECF # 5-59, at 1588.

[80] ECF # 5-60, at 1589.

of 15 years to life in prison.[81] Reddy, through counsel, timely[82] filed a notice of appeal.[83] In

the brief in support,[84] Reddy, through counsel, raised a single assignment of error:

> ASSIGNMENT OF ERROR I: APPELLANT'S DUE PROCESS RIGHTS
> WERE VIOLATED WHEN A CONVICTION WHICH WAS NOT
> SUPPORTED BY SUFFICIENT EVIDENCE WAS MODIFIED TO A
> LESSER-INCLUDED OFFENSE RATHER THAN BEING REVERSED
> AND REMANDED FOR A NEW TRIAL WHERE MITIGATING
> CIRCUMSTANCES WERE PRESENTED AT TRIAL THAT COULD
> RESULT IN A CONVICTION OF AN INFERIOR DEGREE OFFENSE.[85]

The State filed a brief in response.[86] With leave of court, Reddy, *pro se*, filed a

supplemental brief[87] adding two more assignments of error:

> ASSIGNMENT OF ERROR NO. II: THE APPELLANT RECEIVED
> INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED
> TO PRESENT EXPERT PSYCHIATRIC TESTIMONY REGARDING THE
> APPELLANT'S MENTAL STATE AND/OR PERCEPTION OF DANGER
> BASED ON THE DIAGNOSIS OF POST-TRAUMATIC STRESS
> DISORDER STEMMING FROM PHYSICAL CHILDHOOD ABUSE IN
> SUPPORT OF AFFIRMATIVE DEFENSES OF SELF-DEFENSE AND/OR
> VOLUNTARY MANSLAUGHTER.

---

[81] ECF # 5-9, at 899.

[82] The re-sentencing order was journalized September 15, 2010 (ECF # 5-4, at 36) and the notice of appeal filed on October 5, 2010. ECF # 5-44, at 1428. Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within thirty days of the judgment being appealed. *See also*, *Smith*, 2007 WL 171978, at *2.

[83] ECF # 5-44, at 1428.

[84] ECF # 5-46, at 1431.

[85] *Id.*, at 1434.

[86] ECF # 5-47, at 1452.

[87] ECF # 5-48, at 1460.

ASSIGNMENT OF ERROR NO.III: TRIAL COUNSEL WAS INEFFECTIVE UNDER THE STANDARD UNITED STATES V. CRONIC WHEN COUNSEL WAS ABSENT DURING A CRITICAL STAGE OF TRIAL FOR THE FOURTH MONTHS LEADING TO TRIAL.[88]

Reddy filed an additional brief,[89] to which the State filed a brief in response.[90] On June 16, 2011, the Ohio appeals court, after reviewing the entire, somewhat complex history of the case, overruled all the assignments of error on the grounds of *res judicata*, and upheld the decisions of the trial court, noting that none of the claimed errors arose from the 2010 re-sentencing.[91]

Reddy, *pro se*, then promptly[92] filed a notice of appeal, and presented the following two propositions of law:

PROPOSITION OF LAW NO. I APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED WHEN A CONVICTION WHICH WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE WAS MODIFIED TO A LESSER-INCLUDED OFFENSE RATHER THAT [sic] BEING REVERSED AND REMANDED FOR A NEW TRIAL WHERE MITIGATING CIRCUMSTANCES WERE PRESENTED AT TRIAL THAT COULD RESULT IN A CONVICTION OF AN INFERIOR DEGREE OFFENSE.

PROPOSITION OF LAW NO. II THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN (A) COUNSEL FAILED TO PRESENT EXPERT TESTIMONY REGARDING THE APPELLANT'S MENTAL STATE AND PERCEPTION OF DANGER

---

[88] *Id.*, at 1462.

[89] ECF # 5-49, at 1481.

[90] ECF # 5-50, at 1486.

[91] ECF # 5-62, at 1596.

[92] The appeals court decision was entered on June 16, 2011; the notice of appeal was filed on June 27, 2011. ECF # 5-61, at 1594.

BASED ON THE DIAGNOSIS OF POST-TRAUMATIC STRESS DISORDER STEMMING FROM PHYSICAL CHILDHOOD ABUSE AS EXEMPLIFIED IN STATE V. NEMETH AND/OR (B) WHEN COUNSEL FAILED TO ASSERT THE AFFIRMATIVE DEFENSE OF SELF-DEFENSE.[93]

On October 19, 2011, the Supreme Court of Ohio dismissed Reddy's appeal, finding that it did not involve any substantial constitutional question.[94] The record does not show that Reddy then sought a writ of certiorari from the United States Court of Appeals.

### 6.    *Federal habeas petition*

Reddy timely filed the present petition for habeas relief on January 4, 2012.[95] In that petition,[96] Reddy raises the following three grounds for relief:

GROUND ONE: THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO CONSIDER LESSER DEGREE OF HOMICIDE IN VIOLATION OF PETITIONER REDDY'S RIGHT TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

Supporting facts:

- The evidence for aggravated murder under which petitioner Reddy was convicted was insufficient to support every element of the offense.

- Trial counsel requested a voluntary manslaughter conviction based on evidence of serious provocation occasioned by the victim that was presented at trial.

---

[93] ECF # 5-63, at 1604.

[94] ECF # 5-64, at 1617.

[95] ECF # 1. This date is when Reddy placed the petition into the prison mail system. The petition itself was filed in this Court on January 10, 2012.

[96] ECF # 1.

-18-

- There were no jury instructions because the case was tried to the bench.

- The trial court refused to consider manslaughter stating "you don't go from agg[ravated] murder to voluntary [manslaughter]."

- Under Ohio law, a defendant may mitigate the charge of murder to voluntary manslaughter.

- The trier of fact never gave a meaningful analysis as to whether the evidence was sufficient to mitigate murder to manslaughter because of the erroneous determination that Petition [sic] Reddy was guilty of *aggravated* murder.[97]

GROUND TWO: PETITIONER REDDY RECEIVED INEFFECTIVE ASSISTANCE FO COUNSEL AS A CUMULATIVE EFFECT OF COUNSEL'S ERRORS: (A) WHEN COUNSEL FAILED TO SUBPOENA A WITNESS WHO WOULD HAVE CORROBORATED THAT PETITIONER REDDY WAS ATTACKED BY THE VICTIM WITH A KNIFE; AND FAILED TO REQUEST A CONTINUANCE OF TRIAL WHEN THE WITNESS DID NOT ARRIVE (VIOLATING PETITIONER REDDY'S RIGHT TO COMPULSORY PROCESS); (B) WHEN COUNSEL FAILED TO OBJECT TO THE ADMISSION OF PHOTOGRAPHS CONTAINING UNTESTED SUSPECTED BLOOD SPATTER AND THE STATE'S ARGUMENT AND QUESTIONING TO PHOTGRAPHS [sic] OF UNTESTED SUSPECTED BLOOD SPATTER; AND (C) WHEN COUNSEL FAILED TO PRESENT RELEVANT AND AVAILABLE PSYCHIATRIC TESTIMONY REGARDING PETITIONER REDDY'S STATE OF MIND AND OF MENTAL ILLNESS SPECIFICALLY POST-TRAUMATIC STRSSS [sic] DISORDER. IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

Supporting facts:

- (A) WITNESS: A witness reported to the media and was documented by the homicide detective that she heard Petitioner Reddy yell to the victim to "put down the knife."

- Counsel subpoenaed this witness to the wrong address (failed to investigate).

---

[97] *Id.* at 6-8.

- The witness did not show up to testify.

- Counsel did not request a continuance of trial until the witness could be located.

- The hearsay testimony of what this witness said was not relied on as substantive evidence.

- The hearsay testimony was not considered by the trial court as a fact establishing that Petitioner Reddy was attacked with a knife by the victim.

- The absence of this witness's substantive testimony prevented Petitioner Reddy from bolstering his claim that he was attacked by the victim with a knife.

- (B) PHOTOGRAPHS/TESTIMONY: Untested suspected blood spatter photograph and testimony evidence was admitted at trial and used to prove the element "prior calculation and design."

- Counsel did not object to the admission of the photographs or testimony based on unreliability.

- Counsel did not rebut the presumption that the spatter was blood or that of the victim although the substance was untested.

- (C) PSYCHIATRIST: The purpose of trial was to decide the mental state of Petitioner Reddy at the time of the offense; not to decide guilty or innocence.

- Counsel failed to present relevant and available psychiatric testimony which would have allowed the trier of fact an in-depth evaluation of Petitioner Reddy by explaining the effects of post-traumatic stress disorder (PTSD) and other mental illnesses Petitioner Reddy was diagnosed with.

- An explanation of the effects of PTSD would have aided the trier of fact in determining the mental state of Petitioner Reddy at the time of

the offense by explaining the effects of abuse and the impact it has on Petitioner Reddy's perception of danger.[98]

GROUND THREE: THE TRIAL COURT VIOLATED PETITIONER REDDY'S FIFTH AMENDMENT RIGHT AGAINST SELF INCRIMINATION WHEN THE TRIAL COURT EMPHASIZED THAT PETITIONER REDDY COULD NOT EXPLAIN UNTESTED SUSPECTED BLOOD SPATTER.

Supporting facts:

• At trial there were photographs of suspected blood that were not tested.

• The trial court presumed the substance was blood and that of the victim.

• The trial court relied on the presumption the spatter was blood to find Petitioner Reddy guilty of the element "prior calculation and design;" the element that separates aggravated murder from murder.

• The court of appeals entered judgment that there was insufficient evidence to support the element "prior calculation and design."

• In rendering the verdict, the trial court stated that the spatter was evidence that this was not a death caused in reaction to a knife attack as explained in Petitioner Reddy's statement.

• The trial court stated the reason it found Petitioner Reddy guilty is because he could not explain the spatter or how it got there.

• The only way Petitioner Reddy could explain the untested suspected blood spatter is if he went to take the stand and testify.[99]

As noted, the State argues here that ground one, alleging that the trial court abused its discretion in not considering a lesser included charge, is non-cognizable.[100] Further, the State

---

[98] *Id.* at 8-11.

[99] *Id.* at 11-12.

[100] ECF # 5 at 25.

asserts that ground two, which asserts that trial counsel was ineffective in three distinct respects, should be denied on the merits because the state appeals court decision in this respect was not an unreasonable application of the clearly established federal law of *Strickland v. Washington*.[101] Finally, it contends that ground three, which claims that Reddy's Fifth Amendment right against self-incrimination was violated by the trial judge's comment that he could not explain the blood spatter evidence, should also be denied because the appeals court's denial of this claim was also not an unreasonable application of clearly established federal law.[102]

Reddy filed a lengthy (53-page) traverse.[103]

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Reddy is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Reddy meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[104]

---

[101] *Id.* at 33-43.

[102] *Id.* at 44-47.

[103] ECF # 9.

[104] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

2.      There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[105]

3.      In addition, Reddy states,[106] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[107]

4.      Moreover, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[108]

5.      Finally, Reddy is not represented by counsel, and he has not requested the appointment of counsel,[109] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[110]

## B.    Standards of review

### 1.    *Non-cognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[111] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which

---

[105] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[106] ECF # 1 at 12.

[107] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[108] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[109] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[110] 28 U.S.C. § 2254(e)(2).

[111] 28 U.S.C. § 2254(a).

federal habeas relief may be granted.[112] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[113]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[114] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[115] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[116]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[117] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[118] and may not second-guess a state court's interpretation of its own procedural rules.[119] Further, while in general distinct constitutional claims of trial

---

[112] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[113] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[114] *Estelle*, 502 U.S. at 67-68.

[115] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[116] *Id.* at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[117] *Id.*

[118] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[119] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

error may not be cumulated to grant habeas relief,[120] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[121]

## 2.    *AEDPA review*

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[122]

In applying that statute, the well-known teachings of *Williams v. Taylor* guide the federal habeas court.[123] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[124] *Williams* further holds that a state court decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle

---

[120] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[121] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[122] 28 U.S.C. § 2254(d).

[123] *Williams v. Taylor*, 529 U.S. 362 (2000).

[124] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[125]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[126] Rather, the federal habeas court may disturb the state court holding only upon showing that it was "objectively unreasonable."[127]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[128] and "highly deferential" to the decision of the state court.[129] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[130] Or, stated differently, a writ will issue only upon a showing that the state court ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[131]

---

[125] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[126] *Williams*, 529 U.S. at 411.

[127] *Id.* at 409.

[128] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[129] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[130] *Richter*, 131 S. Ct. at 786.

[131] *Id.* at 786-87.

-26-

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[132]

As the Supreme Court observed in *Harrington v. Richter*, a state court need not state its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[133] When a criminal defendant presents a federal claim to the state court, which then denies it without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[134] In such circumstances, the federal habeas court must give deference to the decision of the state court.[135]

## C.  Application of standards

### 1.  Overview

Although expressed in the several grounds for relief, Reddy's argument here is basically that he was precluded at trial – by decisions of the trial court and by ineffectiveness of his trial counsel – from presenting evidence that the killing was committed in a fit of rage, such as would entitle him to a conviction for the lesser degree offense of voluntary

---

[132] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[133] *Richter*, 131 S. Ct. at 784-85.

[134] *Id.*; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[135] *Brown*, 656 F.3d at 329.

-27-

manslaughter, not murder. He maintains that this was his trial strategy all along, but that trial counsel's failure to obtain the trial testimony from a key witness meant that there was no evidentiary basis by which the trial court could lessen the offense, and also meant that the record before the appeals court – which did not include the mitigation testimony – could support the finding that there was sufficient evidence to convict him of murder.

Thus, in essence, the linchpin of Reddy's petition for habeas relief is that his trial was a denial of due process because it excluded the testimony of a key witness whose evidence would have reduced the severity of the crime for which Reddy was convicted.

Although not presented here by the State as a unified response to Reddy's central theory, the state appeals court opinion makes it clear that Reddy's conviction for murder rested on the fact that Reddy admitted to intentionally pressing his hands around his mother's neck, with the admitted intent of rendering her unconscious. As the appellate court stated, the evidence that Reddy admitted to strangling his mother, taken together with the surrounding circumstances, is enough to support a conviction for murder.[136] Specifically, the court found intent to kill inferred by "'the instrument used to produce death [*i.e.*, Reddy's hands around his mother's throat], ... [and] the manner of inflicting the fatal wound.'"[137]

Significantly, the Ohio appeals court fully credited Reddy's theory that the death came about as a result of an argument between Reddy and his mother and that Reddy's mother was

---

[136] ECF # 5 at 30 (quoting *Ohio v. Reddy*, 192 Ohio App. 3d 108, 119, 948 N.E.2d 454, 462, ¶ 37 (Ohio Ct. App. 2010)).

[137] *Id.*

the aggressor. The court explicitly found that "[i]n the instant case, there was no evidence to suggest that Reddy planned to kill his mother. In fact, the only evidence presented at trial indicates that it was a spontaneous act that occurred in yet another argument between Reddy and Gloria [his mother]. It was Gloria who confronted Reddy in his bedroom."[138] Moreover, the appeals court noted that Reddy's uncle and Reddy's two friends "testified that Reddy told them that Gloria came into his bedroom with a knife and threatened him."[139]

Thus, contrary to Reddy's thesis that evidence supporting the lesser degree offense of voluntary manslaughter was absent from the record, and this absence precluded him from receiving due process, the state appeals court opinion shows that such evidence was present in the trial court record, and the lesser degree offense of manslaughter was considered by the appeals court in the process of reducing his conviction to one for murder from aggravated murder.

**2.**    ***Ground one should be dismissed as non-cognizable.***

In the first ground for relief, Reddy contends that the trial court abused its discretion by failing to consider the lesser degree offense of "homicide" in violation of his Fifth and Fourteenth Amendment rights to due process.[140]

---

[138] *Id.* at 29 (quoting *Reddy*, 192 Ohio App. 3d at 118, 948 N.E.2d at 461, ¶ 31).

[139] *Id.* (quoting *Reddy*, 192 Ohio App. 3d at 118, 948 N.E.2d at 461, ¶ 33).

[140] ECF # 1. As the State notes, voluntary manslaughter in Ohio law is an inferior degree of aggravated murder, but not a lesser included offense. ECF # 5 at 25 n.4.

The State argues that Reddy cannot show any due process violation here because the Ohio appeals court vacated his conviction for aggravated murder, on the basis that no prior calculation or design was established, and instead found Reddy guilty of the lesser offense of murder.[141] The State further notes that the appeals court found that while the evidence was insufficient to convict Reddy of aggravated murder, it was sufficient to convict him of murder.[142] The appellate court also noted in that regard that it presumed the trial judge had considered all lesser and included offenses, as well as inferior degree offenses.[143]

In sum, the State asserts, because in Ohio law courts are assumed to follow the law, absent evidence to the contrary, there was no violation of due process here by the trial court in not explicitly on the record considering the lesser degree offense of manslaughter. And, without such a Constitutional violation, Reddy's argument becomes one resting exclusively on alleged abuse of discretion, which is not cognizable in a federal habeas proceeding.[144]

Reddy, in his traverse, contends that because his entire defense was predicated on obtaining a conviction for voluntary manslaughter, the error of the trial judge not considering the lesser degree offense of manslaughter did infringe on his due process rights.[145] He acknowledges that there is no clearly established federal law holding that a defendant has a

---

[141] ECF # 5 at 26-31.

[142] *Id.* at 30.

[143] *Id.* at 30-31.

[144] *Id.* at 26 (citing *Sinistaj v. Burt*, 66 F.3d 804 (6th Cir. 1995)).

[145] ECF # 9 at 14 (citing *Barker v. Yukins*, 199 F.3d 867 (6th Cir. 1999)).

right to receive a lesser included offense instruction as a matter of constitutional due process but argues that if an error goes to the heart of a defendant's theory of his defense, such an error can infringe on due process.[146]

Reddy's traverse further acknowledges the State's argument that the trial judge here is assumed to have considered the lesser degree offense of manslaughter but argues that the trial judge admitted precluding him from presenting any evidence at trial that would have established a basis for the lesser degree offense.[147] In short, Reddy maintains that the fundamental flaw was in preventing him from presenting evidence that the killing happened in a sudden fit of rage, which evidence would have provided a basis for finding him guilty of the lesser degree offense.

Contrary to Reddy's thesis that evidence supporting the lesser degree offense of voluntary manslaughter was absent from the record, the appeals court opinion sets forth such evidence in some detail. The court clearly states that "the only evidence presented at trial indicates that it [Gloria's killing] was a spontaneous act that occurred in yet another argument between Reddy and Gloria [his mother]. It was Gloria who confronted Reddy in his bedroom."[148] Moreover, the appeals court opinion further notes that Reddy's uncle and Reddy's two friends "testified that Reddy told them that Gloria came into his bedroom with

---

[146] *Id.*

[147] *Id.* at 15 (quoting transcript of re-sentencing hearing).

[148] *Id.* (quoting *Reddy*, 192 Ohio App. 3d at 118, 948 N.E.2d at 461, ¶ 31).

a knife and threatened him."[149] In this way the Ohio court makes plain that evidence of an attack by Gloria on Reddy was in the trial record and not excluded, as Reddy contends, because Alescia Hughley [Gloria's neighbor] did not testify.[150]

Further, Reddy seems to argue – with no citation to authority – that the Ohio appeals court decision, which overturned his conviction for aggravated murder and found him guilty of murder, is somehow flawed because "[a]n appellate court cannot make an unfair trial into a fair one by 'deleting' an element from a wrongful conviction."[151] Reddy, in essence, finds the basis for his due process claim in the action of the trial court and denies that the overturning of that action by the appeals court was sufficient to correct it. He argues that the appeals court decision to reduce the conviction to murder and not remand the matter for a new trial denied him a meaningful opportunity to mitigate the charge even further to voluntary manslaughter.[152]

But it is precisely the function of an Ohio appellate court to reduce a conviction to a lesser offense based on evidence already in the trial record rather than order a new trial or an acquittal.[153] As the appeals court opinion makes clear, there was already evidence in the record that Gloria came into Reddy's bedroom that night with a knife and threatened him:

---

[149] *Id.* (quoting *Reddy*, 192 Ohio App. 3d at 118, 948 N.E.2d at 461, ¶ 33).

[150] *Id.*

[151] ECF # 9 at 5-6.

[152] *Id.* at 7-8.

[153] *State v. Davis*, 456 N.E.2d 1256, 456 N.E.2d 1256 (Ohio Ct. App. 1982) (citation omitted).

facts that "support Reddy's contention that he did not plan to kill his mother, and that she was killed during an instantaneous eruption of events."[154] Despite this evidence, the appeals court also noted that "Reddy admitted in his statement that he intentionally pressed his hands around his mother's neck in order to render her unconscious."[155] While the first circumstances acted to mitigate the offense to something less than aggravated murder by showing there was no premeditation, the second circumstance of Reddy admitting that he intentionally strangled Gloria permitted the court to infer that Reddy purposefully caused Gloria's death and so was guilty of murder.[156]

Reddy has formulated no cognizable claim here. Any action by the trial court in not considering any offense except aggravated murder was remedied by the appeals court, which found that the evidence at trial did not support a conviction for aggravated murder but did support a conviction for murder. Further, this decision of the appeals court was made with full acknowledgment on the record of the evidence Reddy says the trial court excluded and which would have entitled him to a conviction on lesser degree offense of manslaughter. Reddy has not shown how this action by the Ohio appeals court violates any clearly established federal law and so constitutes grounds for habeas relief.

Accordingly, ground one should be dismissed.

---

[154] *Reddy*, 192 Ohio App. 3d at 118, 948 N.E.2d at 461, ¶ 33.

[155] *Id.*, 192 Ohio App. 3d at 119, 948 N.E.2d at 462, ¶ 37.

[156] *Id.*

### 3. *Ground two, alleging ineffective assistance of trial counsel, should be denied.*

The clearly established federal law governing claims of ineffective assistance of counsel is found in the well-known two-prong test of *Strickland v. Washington*.[157] First, a petitioner must show that his counsel made errors so serious that he was not functioning commensurate with the guarantee given by the Sixth Amendment. In so doing, the petitioner must overcome the presumption that his counsel provided effective representation. Next, a petitioner must show that counsel's errors prejudiced the defense by demonstrating that there is a reasonable probability that, but for the unprofessional representation, the result of the proceeding would have been different.

Further, where, as here, the ineffective assistance claim was adjudicated by the state court under the appropriate standard, the federal habeas court does not ask whether counsel's actions were reasonable, "but whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."[158]

Reddy's ineffective assistance claim consists of three sub-claims, of which the first two sub-claims each have two elements.

Ground two part A has two components: (1) trial counsel was ineffective in not securing the attendance of witness Hughley with a proper subpoena, and (2) counsel was ineffective for not seeking a continuance of the trial when Hughley failed to appear.

---

[157] *Strickland v. Washington*, 466 U.S. 668 (1984).

[158] *Richter*, 131 S. Ct. at 778.

-34-

The Ohio appeals court began its evaluation of this claim by identifying the standard of review in *Strickland*. It then determined that Hughley's absence from the trial was not prejudicial because Hughley's planned testimony became part of the trial record as hearsay contained in the testimony of a police detective.[159]

Reddy points out in response that although Hughley's comment that she heard Reddy tell Gloria to put down her knife did get admitted as hearsay, the admission was for the limited purpose of explaining the course of the investigation and not for the substance of the statement.[160]

That said, however, it is not true, as Reddy argues, that Hughley was the only source for evidence that Gloria attacked Reddy with a knife. While Hughley may have been the only witness who heard the confrontation between Gloria and Reddy that night, evidence of Gloria coming at Reddy with a knife, as noted above, was introduced at trial through several witnesses who recounted that Reddy had told them about Gloria's aggression on the day of her killing.

Thus, while the appeals court may have been imprecise in maintaining that Hughley's evidence was admitted as substantive testimony and not as explanatory hearsay, the appellate court was correct to find that there was no prejudice in not having Hughley available to testify. Even if Reddy's trial counsel was at fault for not determining a valid address for Hughley so that she would have received a subpoena for her presence at trial, the conclusion

---

[159] *Reddy*, 192 Ohio App. 3d at 121, 948 N.E.2d at 463, ¶ 44.

[160] ECF # 9 at 17-18.

of the Ohio appeals court that her absence from the trial was not prejudicial is not unreasonable.

For the same reason, the Ohio appeals court was not unreasonable in rejecting the claim that trial counsel was ineffective in not seeking a continuance of the trial when Hughley did not appear as a witness. As the court observed, if there was no prejudice from Hughley not appearing at all, the argument that counsel should have sought a continuance when she did not appear was moot.[161]

Ground two part B also has two components: (1) that counsel was ineffective for not objecting to the admission of blood spatter photographs, and (2) that counsel was ineffective for not objecting to the State's arguments and witnesses relative to blood spatter photos.

The appeals court found that the admission of the photographs was proper, because the probative value of the photographs outweighed any prejudice to Reddy. It noted that merely because the evidence was damaging or prejudicial to Reddy does not make it inadmissible.[162] Moreover, the court found that Reddy had the opportunity to – and did – cross-examine the prosecution witness, Detective Sowa, as to why the blood spatter was not tested for DNA.[163]

Reddy devotes considerable effort to show that the Ohio appeals court was erroneous in claiming that the blood spatter photos were relevant because Reddy stabbed Gloria. In fact,

---

[161] *Reddy*, 192 Ohio App. 3d at 125, 948 N.E.2d at 467, ¶ 67.

[162] *Id.*, 192 Ohio App. 3d at 123, 948 N.E.2d at 465, ¶ 55.

[163] *Id.*

Reddy contends, there is no evidence that Gloria was ever stabbed.[164] Because the trial court relied on the blood spatter photos to establish prior calculation and design, and so support a conviction for aggravated murder, Reddy argues that the admission of these photos cannot be harmless error, but undermine the confidence in fundamental fairness of the final result.[165]

While Reddy's arguments suggest that the state court proceedings were not an exemplar of precision, the federal habeas court does not seek to remedy all defects in state proceedings. As the Supreme Court held in *Richter*, a state court's determination that a claim lacks merit will preclude the granting of federal habeas unless there was an error in the state decision beyond any possibility of fairminded disagreement.[166]

Here, the Ohio court correctly stated the clearly established federal law of ineffective assistance and found that the part B claims related to the admission of blood spatter photos and any failure to object to the prosecution's handling of this evidence was not prejudicial. While some aspects of the state court's reasoning may not accord with the reasoning this Court would use in making that analysis, the conclusion that there was no prejudice to Reddy is not fatally undermined by any mistakes in its elements. As related many times above, the evidence was that Reddy admitted to strangling Gloria, and the appeals court overturned the

---

[164] ECF # 9 at 38-39.

[165] *Id.*

[166] *Richter*, 131 S. Ct. at 786-87.

conviction for murder – which the trial court apparently based, in part, on the blood spatter evidence.[167]

Given those facts, Reddy's claim here should be denied on the merits because the decision of the Ohio court was not an unreasonable application of *Strickland*.

Ground two part C claims that counsel was ineffective for not presenting evidence of Reddy's state of mind at the time Gloria was killed and of Reddy having PTSD. Reddy argues that trial counsel had a report from a psychologist that indicated Reddy had PTSD but that counsel chose to present the report at sentencing rather than to have the psychologist testify at trial.[168] Moreover, Reddy maintains that the appeals court, in rejecting this claim, misinterpreted his assertion that counsel did not present evidence of his PTSD for a claim that counsel did not present evidence of his abuse by Gloria.[169] There is "a huge difference," Reddy argues, between simply presenting evidence that Gloria was abusive and adducing testimony of an expert who could testify how that abuse produced the symptoms of PTSD.[170]

The State argues that because Reddy's entire defense hinged on Reddy's relationship with Gloria, there was a great deal of evidence introduced about abuse,[171] "and the court was

---

[167] As noted by the State, the appellate court also found that there was no deficient performance by counsel in failing to object to the blood spatter photographs because they were properly admissible. ECF # 5 at 42.

[168] ECF # 9 at 39.

[169] *Id.* at 46.

[170] *Id.* at 47.

[171] The State's return of the writ details the extensive trial testimony concerning Gloria's abuse. ECF # 5 at 42-43 (citing record).

well aware of the dysfunction and abuse between Reddy and her children through that evidence."[172] To that end, the state appeals court found there was no prejudice in trial counsel not presenting the psychologist's report. The appeals court stated that "[f]rom the record, it is clear that the trial court placed considerable emphasis on the fact that Gloria abused Reddy."[173]

While arguably evidence of PTSD would have sharpened the point of how abuse affected Reddy, there was clear and extensive evidence of that abuse already in the record, which Reddy does not deny. Further, defense counsel plainly drew the connection between that abuse and Reddy's action when he argued at trial: "Can there be any doubt that after years of abuse, on Christmas Eve when he was attacked by his mother under the influence of sudden passion or a fit of rage, he [Reddy] fought back and attacked her?"[174] That this point was taken seriously by the appeals court is emphasized by the decision to set aside the conviction for aggravated murder on the grounds that there was no premeditation, but rather only proof that Gloria's killing arose out of the circumstances surrounding the argument of that night.

This Court cannot conclude that the Ohio appeals court's finding that there was no prejudice from counsel not presenting evidence of PTSD at trial was an unreasonable

---

[172] *Id.* at 41.

[173] *Reddy*, 192 Ohio App. 3d at 125, 948 N.E.2d at 467, ¶ 69.

[174] *Id.*, at ¶ 68.

application of *Strickland*. Ground two should be denied on the merits because the decision of the Ohio court was not an unreasonable application of clearly established federal law.

### 4.    Ground three, alleging a Fifth Amendment violation, should be denied.

In this claim, Reddy contends that the trial court violated his Fifth Amendment right against self-incrimination when it stated that Reddy could not explain the blood spatter on the walls of the house.

The State, however, maintains that the appeals court rejected this claim because it found that the trial court's comments were not about any personal failure to testify, but were more general comments that Reddy, through counsel, had not adequately addressed the evidence against him, such as the blood spatter.[175]

A look at the appeals court opinion confirms the State's position:

[**P56] **Reddy also argues** that the trial court erred when it allowed the State to comment on the fact that he did not testify, and further, **that the trial court itself relied on Reddy's failure to testify as a basis for his conviction**.

[**P57] Reddy does not cite to any portion of the transcript to support his contention that the State commented on the fact that he did not testify. It is well established that an appellant is required to cite to specific portions of the record in order to support his assignments of error. *State v. Howard*, 8th Dist. No. 85500, 2005 Ohio 5135, at P17; App.R. 16(D). After a review of the record, we can find no such statement by the State.

[**P58] Even if the State had commented on Reddy's failure to testify, such a statement would clearly be inadmissible. In a bench trial, the trial court is presumed to have considered only admissible evidence unless the record indicates otherwise. *Cleveland v. Welms*, 8th Dist. No. 87758, 169 Ohio App. 3d 600, 2006 Ohio 6441, 863 N.E.2d 1125, at P27, citing *State v. Fautenberry*, 72 Ohio St.3d 435, 1995 Ohio 209, 650 N.E.2d 878.

---

[175] ECF # 5 at 45.

[**P59] **Reddy argues that the trial court made statements evidencing the fact that it considered Reddy's decision not to testify in support of its verdict. The trial court stated that Reddy failed to explain the evidence against him, meaning his defense did not adequately address all of the evidence against him. This statement by the trial court did not reference Reddy's decision not to testify.** (Bold added.)[176]

In sum, the trial court's comments were not a remark about Reddy's personal failure to testify but a comment that the defense had not dealt with all the evidence produced at trial. Moreover, as the State also observes, even if the trial court's comments were improper, any error was rendered harmless. The spatter evidence was intended to prove aggravated murder, and the appeals court found that charge was not supported by substantial evidence. Because the spatter evidence is immaterial to the conviction for murder – which rests on the evidence cited earlier – and because this case was tried to the court and not a jury, there is no possibility that even an improper comment on Reddy's failure to testify had "a substantial or injurious effect or influence in determining the jury's verdict."[177]

Therefore, ground three should be denied on the merits.

## Conclusion

For the reasons stated, I recommend that the petition of Joseph Reddy for a writ of habeas corpus be dismissed in part and denied in part as is more fully set forth above.

Dated:  July 3, 2014                    s/ William H. Baughman, Jr.
                                        United States Magistrate Judge

---

[176] *Reddy*, 192 Ohio App. 3d at 123-24, 948 N.E.2d at 465-66, ¶¶ 56-59.

[177] *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quotation omitted).

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[178]

---

[178] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).